UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED | § § | |
| Plaintiff, | § § | Civil Action No. 6:21-cv-00943-ADA |
| v. | § § | |
| APPLE INC., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**APPLE'S UNOPPOSED MOTION TO SEVER AND STAY '343 PATENT**

Defendant Apple Inc. (Apple) files this unopposed motion to sever and stay all claims related to U.S. Patent Number 6,603,343 (the '343 patent). On October 3, 2023, the Patent Trial and Appeal Board (PTAB) issued a Final Written Decision finding asserted claim 1 of the '343 patent unpatentable. *See* Ex. 1 (IPR2022-00651, Paper 29 ('343 FWD)) at 47. Apple respectfully moves to sever and stay Arigna's affirmative infringement claims and Apple's affirmative defenses with respect to the asserted claim of the '343 patent. In further support of this Motion, Apple states the following:

- Arigna currently asserts that Apple infringes two patents: U.S. Patent No. 8,947,164 (the '164 patent) and U.S. Patent Number 6,603,343 (the '343 patent). As it relates to the '343 patent, Arigna asserts claim 1 against Apple.

- Apple, LG Electronics, Inc., LG Electronics U.S.A., Inc. LG Electronics Mobilecomm U.S.A., Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. filed a petition for *Inter Partes* Review of the '343 Patent on March 10, 2022 (IPR2022-00651).

- The PTAB instituted the petition on October 6, 2022, and issued a Final Written Decision on October 3, 2023. Ex. 1 (IPR2022-00651, Paper 29 ('343 FWD)). The Final Written Decision found claims 1 and 2 of the '343 patent to be unpatentable. *Id.*

- Currently, no appeals have been filed regarding the Final Written Decision for the '343 patent.

- The PTAB declined to institute a petition for *inter partes* review of the asserted claims of the '164 patent.

In light of the PTAB's Final Written Decision with respect to the '343 patent, and the Court's prior practice involving cases in which IPRs have impacted some, but not all of the asserted patents (*see* 2023-8-16 Pretrial Hr'g Tr. at 123:5-124:1), Apple maintains that this case would benefit from severing and staying the asserted claims of the '343 patent pending any appeals of the PTAB's Final Written Decision. Arigna does not oppose Apple's request to sever and stay litigation as it relates to the '343 patent's asserted claim. The Parties agree that the case will otherwise proceed as to the asserted claims of the '164 patent.

Severance of the '343 patent claims would allow the current proceedings in this Court to continue without delay, and therefore streamline this litigation and preserve the Court's and the Parties' resources. Severing and staying the claims related to the '343 patent would also preserve all Parties' rights as to those claims and/or corresponding defenses, including all affirmative defenses. If the appeal of the Final Written Decision results in affirmance, the Court and the Parties will avoid the need to proceed to trial on both the infringement and invalidity claims related to the '343 patent. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to

balance considerations beyond those captured by the three-factor stay test.  The burden litigation places on the court and the parties … is one such consideration that district courts may rightfully choose to weigh.")  On the other hand, if the Federal Circuit or Supreme Court reverses and/or vacates the PTAB's ruling, then the Parties may later proceed to trial on Arigna's infringement claims relating to the '343 patent and Apple's affirmative defenses.

Apple thus submits this Unopposed Motion to Sever and Stay the Claims of the '343 patent pending completion of any appeals of the PTAB's Final Written Decision regarding the '343 patent.  The Parties will file a joint status report concerning their respective positions on whether any of the severed and stayed claims from the '343 patent should be reinstated within 30 days from the latter of either (1) the completion of the last appeal (including any petitions for certiorari), or (2) the expiration of the period within Arigna must seek any such appeal.

Dated: October 12, 2023                                         Respectfully submitted,

/s/ Michael A. Amon
John M. Guaragna
Texas Bar No 24043308
john.guaragna@dlapiper.com
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX 78701
Telephone: (512) 457-7125

Roger A. Denning
CA Bar No. 228998
denning@fr.com
Michael A. Amon
CA Bar No. 226221
amon@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-5070

Martina Tyreus Hufnal
DE Bar No. 4771
tyreushufnal@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070

Noah C. Graubart
Georgia Bar No. 141862
graubart@fr.com
Christopher O. Green
Georgia Bar No. 037617
cgreen@fr.com
Jacqueline Tio
Georgia Bar No. 940367
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Eli Svetlov
Texas Bar Number 24106483
svetlov@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300

Elizabeth R. Moulton
CA Bar No. 286937
emoulton@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 415-773-5673

***Attorneys for Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was filed through the Court's CM/ECF system on October 12, 2023.

*/s/ Michael A. Amon*